UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUNIER HURTADO DE ARMAS,

      Petitioner,

      v.                                  Case No.:  2:26-cv-01671-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Yunier Hurtado De Armas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Hurtado De Armas is a native of Cuba who was admitted into the United States as a lawful permanent resident on December 8, 2014.  Following a conviction for transporting illegal aliens, an immigration judge ordered Hurtado De Armas removed to Cuba on June 8, 2017.  Hurtado De Armas was in Immigration and Customs Enforcement ("ICE") custody until September 6, 2017, when ICE released him under an order of supervision.

Hurtado De Armas attempted to return to Cuba earlier this year, but Cuba refused to allow him entry.  He returned to the United States on January 25, 2026, and presented himself for inspection at the Miami International Airport with a Cuban passport and a permanent resident card.  ICE took Hurtado De Armas into custody the next day.  He is currently detained at

Alligator Alcatraz.  Hurtado De Armas challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Hurtado De Armas has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove Hurtado De Armas in 2017, and Cuba refused to repatriate him when he voluntarily returned to Cuba in January. The burden thus shifts to the respondents. An ICE deportation officer claims ICE will attempt to remove Hurtado De Armas to Mexico but provides no reason to believe Mexico will accept him.

The Court finds no significant likelihood Hurtado De Armas will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Hurtado De Armas to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Yunier Hurtado De Armas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Hurtado De Armas within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record